UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

DISABILITY RIGHTS NEW YORK,

                Plaintiff,                **Case No. 7:16-cv-003396-KMK**

         -against-

                                             **AFFIDAVIT**

FERNCLIFF MANOR FOR
THE RETARDED, INC. D/B/A S.A.I.L.
AT FERNCLIFF MANOR, and
WILLIAM J. SAICH, in his official
capacity as Executive Director of
FERNCLIFF MANOR FOR
THE RETARDED, INC. D/B/A
S.A.I.L. AT FERNCLIFF MANOR,

                Defendants.

-----------------------------------------------------------------------x

State of New York   )
                    )          ss.:
County of New York )

Stefen R. Short, Esq., being duly sworn, deposes and says:

1. I am a staff attorney employed by the Plaintiff, Disability Rights New York (DRNY).

2. I am admitted to practice law in the State of New York and before this Court.

3. I submit this affidavit in support of the Plaintiff's Order to Show Cause.

4. I have personal knowledge of the facts set forth in this affidavit.

5. On September 8, 2014, I received a complaint from Complainant #1 who reported that

    S.A.I.L. at Ferncliff Manor educational facility fails to carry out appropriate Functional

    Behavioral Assessments (FBAs) and Behavior Intervention Plans (BIPs) for students

who require behavior interventions to be able to learn and to keep themselves and others around them safe.

6. Complainant #1 alleged that students' educational placements are changed without approval from the Committee on Special Education (CSE) and that Individualized Educational Programs (IEP) are not being timely or fully implemented.

7. Complainant #1 stated that one student regularly arrived to class with excessive bruising on his legs, back, eyes, and cheekbones, without sufficient explanation for how he acquired these bruises.

8. Complainant #1 alleged that both the Ferncliff Manor residential location and the S.A.I.L. at Ferncliff Manor educational location (hereinafter jointly referred to as "Ferncliff Manor") fail to carry out a program of adequate safeguards to prevent students and residents from eloping from the Ferncliff Manor campus. As a result, Complainant #1 stated that one student had been found in a neighbor's swimming pool.

9. On September 9, 2014, I received a complaint by telephone from a second complainant. Complainant #2 stated that the Ferncliff Manor residents were not receiving the behavior supports they require in the residential setting.

10. Complainant #2 stated that Ferncliff Manor fails to implement IEPs for students who require a behavior program to keep them from injuring themselves or others.

11. Complainant #2 alleged that both Ferncliff Manor residents and students had been removed from rooms and classrooms for behavioral issues rather than being provided the supports needed to address the behavior.

12. Complainant #2 also alleged that that students and residents are placed at risk of injury due to elopement.

13. Complainant #2 further complained of understaffing in the residence, which results in deficient supervision of students at risk of elopement.

14. On September 16, 2014, based upon the foregoing complaints, I sent a letter to the New York Justice Center for the Protection of People with Special Needs ("Justice Center"). In my letter, I requested information about Ferncliff Manor, including information about allegations of abuse and neglect involving Ferncliff Manor and the Justice Center's involvement in the investigation of these allegations. See Exhibit 18, DRNY Letter to Justice Center, September 16, 2014.

15. On October 6, 2014, I sent a letter to Mr. William Saich, Executive Director of Ferncliff Manor, requesting access to Ferncliff Manor pursuant to DRNY's Protection and Advocacy System authority. See Exhibit 19, DRNY Letter to Ferncliff Manor, Oct. 6, 2014.

16. On November 18, 2014, Ferncliff Manor agreed to provide DRNY with redacted copies of all Ferncliff Manor student educational records in furtherance of DRNY's investigation. See Exhibit 20, Ferncliff Manor Email, Nov. 18, 2014.

17. On or about November 18, 2014, I received a call from Complainant #3 who alleged that Ferncliff Manor was engaging in the tampering of documents prior to dissemination to DRNY.

18. Complainant #3 stated that Ferncliff Manor staff had instructed Behavioral Services staff to create BIPs and "Behavioral Strategy/Management Plans" for every student, and "back date" them in an effort to frustrate DRNY's investigation.

19. Between December 2, 2014 and December 24, 2014 I received the redacted student educational records from Ferncliff Manor.

20. On December 12, 2014, I received the Justice Center reports on Ferncliff Manor and related information responsive to my September 15, 2014 request. See Exhibit 3, Justice Center Ferncliff Manor Reports.

21. The Justice Center reports contained information about neglect at Ferncliff Manor that according to my observation and the complaints received by DRNY, continued unresolved at Ferncliff Manor.

22. DRNY treated the Justice Center as the sixth complainant to report complaints of neglect to DRNY about Ferncliff Manor.

WHEREFORE, Plaintiff's motion for a preliminary injunction should be granted in its entirety.

DATED:      Brooklyn, New York

May 9, 2016

Stefen. R. Short, Esq.
Bar Roll No. SS-8055

Sworn to before me this
9th day of May, 2016

**ELIZABETH GROSSMAN**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02GR5001739**
**Qualified in Kings County**
**My Commission Expires September 14, 2018**
Notary Public