UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

-----------------------------------------------------------x

      DISABILITY RIGHTS NEW YORK,

                      Plaintiff,                  7:16-cv-03396-KMK

                  -against-

      FERNCLIFF MANOR FOR
      THE RETARDED, INC. D/B/A S.A.I.L
      AT FERNCLIFF MANOR, and
      WILLIAM J. SAICH, in his official
      capacity as Executive Director of
      FERNCLIFF MANOR FOR
      THE RETARDED, INC. D/B/A
      S.A.I.L. AT FERNCLIFF MANOR,

                      Defendants.

-----------------------------------------------------------x

## CONSENT ORDER

**WHEREAS,** Plaintiff, Disability Rights New York ("DRNY"), filed a complaint in this action on May 9, 2016, alleging the Defendants, Ferncliff Manor for the Retarded, Inc. d/b/a S.A.I.L. at Ferncliff Manor and William J. Saich, in his official capacity as Executive Director of Ferncliff Manor for the Retarded, Inc. d/b/a S.A.I.L. at Ferncliff Manor, violated the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 et seq.; the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq.; and the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e, with regard to

1

Plaintiff's requests for records and facility access to the Ferncliff Manor for the Retarded, Inc. d/b/a S.A.I.L. at Ferncliff Manor residential and educational facilities ("Ferncliff") and retaliated against Plaintiffs in violation of 42 U.S.C. § 12101 et seq.; and 29 U.S.C. § 794; 28 C.F.R. § 35.103; 34 C.F.R. § 104.33; and

**WHEREAS,** on June 8, 2016, Defendants served and filed their Answer to the Complaint, denying the substantive allegations of the Complaint and asserting various affirmative defenses; and

**WHEREAS,** Plaintiff thereafter notified Defendants and the Court that it intended to move for a Preliminary Injunction; and

**WHEREAS,** the parties wish to resolve the proposed motion for Preliminary Injunction without Defendants admitting any wrongdoing or violation of law; and

**WHEREAS,** nothing in this Consent Order is an admission of any fact or law by any party except for the purpose of enforcing the terms or conditions set forth herein;

**The Parties Stipulate and It is Ordered:**

1. Ferncliff will permit DRNY to exercise its rights and safety monitoring function in accordance with the DD Act, the PAIMI Act and the PAIR Act (and their implementing regulations).
    a. Ferncliff will provide DRNY with:
        i. Reasonable unaccompanied access to all areas of Ferncliff's facilities that are used by, or accessible to, its residents and students;
        ii. Reasonable unaccompanied access to Ferncliff's programs;

   iii. Reasonable unaccompanied access to Ferncliff's residents and students; and

   iv. The ability to post, in an area where individuals with disabilities receive services, a poster that states the protection and advocacy services available from DRNY (including the name, address and telephone number of DRNY).

2. Ferncliff will permit DRNY to exercise its abuse or neglect investigation function in accordance with the DD Act, the PAIMI Act and the PAIR Act (and their implementing regulations).

 a. Ferncliff will provide DRNY with the contact information of residents' or students' legal guardians or legal representatives;

 b. Ferncliff will provide DRNY with the contact information of residents or students at Ferncliff's facilities who are over the age of eighteen and who have capacity to consent to release of their records.

 c. Ferncliff will provide DRNY with access to:

   i. Investigative reports, statements of deficiencies, monitoring reviews and other reports in draft and final form issued or prepared by federal, state or local governmental agencies (including the New York State Justice Center for the Protection of People with Special Needs, the Office for People with Developmental Disabilities, and the New York State Education Department), which have not previously been provided to DRNY by Ferncliff or any other source;

3

    ii. Documents concerning any corrective action in draft or final form prepared and transmitted by Ferncliff to such agencies in response to the documents described in Paragraph 2(c)(i) above.

    iii. Upon request by DRNY, access to the following client records:

        1. Client records for which a release from the individual, or the individual's guardian, conservator or other legal representative is proffered; or

        2. Client records of an individual if a complaint is received by DRNY about the individual alleging abuse or neglect and a release is not required pursuant to 42 U.S.C. § 15043(a)(2)(I)(ii); 42 U.S.C. § 15043(a)(2)(J)(ii)(II); 42 U.S.C. § 10805(a)(4)(B); and 29 U.S.C. § 794e(f)(2).; or,

        3. Client records if, as a result of monitoring or other activities, DRNY has probable cause to believe that an individual has been abused or neglected and a release is not required pursuant to 42 U.S.C. § 15043(a)(2)(I)(ii); 42 U.S.C. § 15043(a)(2)(J)(ii)(II); 42 U.S.C. § 10805(a)(4)(B); and 29 U.S.C. § 794e(f)(2).

    iv. Access to Ferncliff policies and data pursuant to 42 U.S.C. § 15043(a)(2)(J)(i); 42 U.S.C. § 15043(c)(1); 42 U.S.C. §

10806(a)-(b); 29 U.S.C. § 794e(f)(2); 42 C.F.R § 51.41 (c)-(d); and 45 C.F.R. § 1326.25(b) regarding :

   a. The development of behavior plans;

   b. Behavior management;

   c. Staff behavior management training;

   d. Code blue procedures and staffing in both the school and residential settings.

   e. Names and position of residential and school staff to the extent such information is relevant to conducting an investigation of one or more incidents of abuse or neglect;

   f. The number of hospitalizations after 01/01/2016;

   g. The number of 14 NYCRR Part 624 – Reportable Incidents and Notable Occurrences reports filed after 01/01/2016;

   h. Personnel Records of staff terminated by Ferncliff after 09/01/2013.

v. Upon request by DRNY, other records necessary to investigate incidents of abuse and neglect if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred, which DRNY is entitled to receive pursuant to the DD Act, PAIMI Act and PAIR Act.

5

3. All records received by DRNY pursuant to this Order, including information contained therein, shall be held in confidence in accordance with 45 C.F.R. § 1326.21(i) and 45 C.F.R. § 1326.28(b).

4. Defendants agree to provide access to all records requested pursuant to the timelines set forth in 42 U.S.C. § 15043(a)(2)(J), 45 C.F.R. § 1326.25(c)(1) and 45 C.F.R. § 1326.25(c)(2), unless the parties mutually agree to another timeline.

5. For the purposes of this Order only, "access" shall mean make available for inspection and copying and/or scanning at DRNY's sole expense. The parties anticipate that DRNY will provide and use its own copying and/or scanning equipment and will not require Ferncliff staff to copy or scan any records.

6. DRNY will conduct all monitoring and investigation activities so as to minimize interference with Ferncliff's programs and the responsibilities of its staff.

7. If Defendants believe that the manner in which DRNY conducts activities described in Paragraphs One and Two is unreasonable, Defendants will notify Plaintiff in writing. Within five business days of such notice (or a longer time if the parties mutually agree), the parties shall meet and confer to resolve the dispute.

8. If the parties are unable to resolve any dispute regarding the reasonableness of Plaintiff's activities after meeting and conferring as required by Paragraph Seven, either party may petition the Court for appropriate relief.

9. DRNY may report allegations of abuse or neglect, and its investigation or monitoring findings, to state or federal agencies at any time.

10. Before finalizing findings of an investigation of alleged abuse or neglect in Ferncliff's programs or facilities, Plaintiff will offer to meet and confer with Defendants regarding the draft findings. Plaintiff will consider in good faith the information presented by the Defendants. In these discussions, Plaintiff will not reveal information, such as the identity of persons alleging abuse or neglect, which Plaintiff must keep confidential pursuant to law.

11. In the event that Plaintiff intends to release a public investigation report, Plaintiff will provide Defendants with a draft of the report not less than one month prior to the public release date, and will consider in good faith the Defendants' written response to the draft report if received in writing no later than five work days prior to the public release date, and if DRNY deems it appropriate it will modify the report. At Defendants' request, Plaintiff will include Defendant's written response to the investigation report if and when the report is made public.

12. At Defendants' request, Plaintiff will post on its website Defendants' written response to Plaintiff's Preliminary Report published on or about June 23, 2015, and will link Defendants' response to the Preliminary Report in a manner that will enable readers of the Preliminary Report to readily access Defendants' response.

13. This Consent Order shall be binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in

7

active concert or participation with them who receive actual notice of this Order.

14. This Court will retain jurisdiction over enforcement of this Consent.


Dated  July 29, 2016                    /s/ Cliff Zucker

DISABILITY RIGHTS NEW YORK
*Attorneys for Plaintiff*
CLIFF ZUCKER
ANASTASIA HOLOBOFF
JONATHAN GARVIN
JENNIFER MONTHIE
25 Chapel Street, Suite 1005
Brooklyn, New York 11201
(518) 432-7861 (telephone)
(518) 427-6561 (fax) (not for service)


Dated July 29, 2016                     /s/ Benjamin Zelermyer
                                        BENJAMIN ZELERMYER
                                        *Attorney for Defendants*

Steinberg & Cavaliere, LLP
50 Main Street, 9th Floor
White Plains, NY 10606
Telephone: (914) 761-4200
Fax: (914) 761-4256
bzlaw@optonline.net


So Ordered

Date:

_____
Honorable Kenneth M. Karas
U.S. District Court Judge

8/7/16